**UNITED STATES of America**

v.

**Clifford L. ESTES, Appellant.**

**UNITED STATES of America**

v.

**Henry B. JOHNSON, Appellant.**

**Nos. 72–1465, 72–1466.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 3, 1973.

Decided June 29, 1973.

Rehearing Denied Sept. 11, 1973.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

Alan Y. Naftalin, Washington, D.C., with whom Bruce P. Moore, Washington, D.C. (both appointed by this Court) was on the brief, for appellant in No. 72–1466, and argued for appellant in No. 72–1465.

Robert J. Corber, Washington, D.C. (appointed by this Court), with whom Michael J. Malley, Washington, D.C.,

was on the brief, for appellant in No. 72–1465.

John J. Mulrooney, Asst. U.S. Atty., with whom Harold H. Titus, Jr., U.S. Atty. and John A. Terry, Asst. U.S. Atty., were on the brief, for appellee.

Before LEVENTHAL and Mac-KINNON, Circuit Judges, and WYZAN-SKI,* Senior United States District Judge for the District of Massachusetts.

WYZANSKI, Senior District Judge:

Defendants Estes and Johnson were indicted for armed robbery and other offenses. After trial, the District Judge imposed substantial prison sentences. On a first appeal reported in United States v. Johnson, 147 U.S.App.D.C. 31, 452 F.2d 1363 (1971), this court, after setting forth in a characteristically full opinion by Chief Judge Bazelon the matter in detail which it would be bootless to repeat, remanded the case to the District Court with directions to determine (1) whether substitute lineup counsel communicated with trial counsel and participated in the trial preparations, and, if not, whether the lack of communication between them adversely affected the ability of trial counsel effectively to conduct the defense with respect to the lineup identifications; (2) whether the trial court's finding of an independent source for the lineup and in-court identifications of defendant Estes by the witness Gaines had a factual basis other than Gaines' own opinion that those later identifications were based on a source independent of the photographic display; and (3) whether the taking by police of a color photograph of defendant Johnson at a time when he was not under arrest, and when there was no probable cause to arrest him, constituted an involuntary detention under the form of a photographic seizure in violation of the Fourth Amendment.

The District Court, after hearing evidence pursuant to the remand, made findings to this effect: (1) although

* Sitting by designation pursuant to 28, U.S.C. § 294(d).

substitute lineup counsel had neither communicated with trial counsel concerning the lineup nor participated in the trial preparations, trial counsel adequately represented defendants at trial on the issue of identifications; (2) Gaines' observations during the robbery provided him with an independent source for his identification; (3) defendant Johnson consented to his photographing.

Inasmuch as there is convincing evidence which supports the District Judge's careful findings and conclusions, just summarized, we see no reason to review the second and third points. It is sufficient to say that we hold that on both those points the District Judge was clearly warranted in his conclusions, and defendants are not on those scores entitled to reversal of their convictions.

We need to make a more extended comment on the first point. We have satisfied ourselves that on the particular facts of this case, as fully developed in the hearings before Judge Gasch and in his well-founded findings and conclusions, neither defendant was prejudiced by the failure of the substitute counsel to pass on to the trial counsel, or of trial counsel to elicit from substitute counsel, a full account of the substitute counsel's experience at the lineup. In the cases at bar each defendant had a fair trial. There was nothing more that could have been accomplished for either defendant if trial counsel had a complete briefing of what happened at the lineup. Neither defendant is entitled to reversal on this score.

However, we deem it appropriate to emphasize what, in our view, would have been better practice, and what those who practice in the District Court ought hereafter to follow as a regular practice. When a lawyer accepts appointment, assignment, retainer, or like obligation to represent a defendant in a criminal case, it shall be his duty, if he personally does not appear at any lineup which involves his client, fully to inform himself of what has occurred, by conference with the substitute lawyer whom he or another authorized to appear at such lineup. The failure of a trial lawyer so to proceed in cases arising hereafter *may* serve as some evidence that the defendant involved has not received the assistance of counsel to which he is constitutionally entitled.

Affirmed.